

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

August 5, 2025

**BY ECF**
Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Charles Maxwell v. John Doe OBCC Correction Officers #1-4 et al.,
              25-CV-2827 (NCM) (PK)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and attorney for the City as an interested party. In that capacity, I write to respectfully address the Court's Order, directing the City to identify and provide service information for the John Doe defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). Additionally, Plaintiff may seek to amend to add the City as a defendant. The City respectfully submits that this entire action constitutes an abusive duplicate filing that warrants dismissal under 28 U.S.C. § 1915(e).

      Pro se Plaintiff, Charles Maxwell, has filed virtually identical complaints in two federal courts arising from the same April 4, 2025 incident at the Otis Bantum Correctional Center ("OBCC") on Rikers Island. On May 13, 2025, Plaintiff filed a complaint in the Southern District of New York alleging excessive force by correction officers during an April 4, 2025 incident at OBCC. *See* Complaint (ECF No. 1), *Maxwell v. Rikers Island*, No. 25 Civ. 4016 (RA) (S.D.N.Y), annexed hereto for the Court's convenience as Exhibit A. The following day, May 14, 2025, Plaintiff filed the instant action in this Court. (ECF No. 1.) A comparison of the complaints reveals that they allege the same injuries, from the same events, on the same date, by the same four Doe correction officers. Indeed, with few exceptions—none with substantive import—even the language used in the two complaints is identical. (*See* Ex. A.)

      **I.**    **THE CITY HAS STANDING TO SEEK DISMISSAL OF THIS DUPLICATIVE ACTION**

      Although not a named defendant, the City possesses sufficient interest to move for dismissal. Courts recognize that non-parties subject to discovery obligations or potential liability

have standing to seek dismissal of duplicative actions that would impose redundant burdens. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) (recognizing courts' inherent authority to manage dockets and prevent duplicative proceedings).

On June 2, 2025, this Court issued an Order directing Corporation Counsel "to attempt to ascertain the full names and service addresses of the John and Jane Doe correction officers who were involved in the April 4, 2025 incident at the Otis Bantum Correctional Center." (ECF No. 6). This *Valentin* order requires the City to expend resources investigating the incident, identifying officers, and facilitating service. Moreover, pursuant to New York General Municipal Law § 50-k, this Office must determine whether it has an obligation to provide representation to the defendant correction officers and, if so, undertake their defense. Requiring the City to navigate these obligations in two parallel federal proceedings—potentially representing defendants in duplicative actions—epitomizes the waste of resources that § 1915(e) was enacted to prevent.

## II. THIS COURT SHOULD DISMISS THE INSTANT ACTION AS DUPLICATIVE AND MALICIOUS UNDER 28 U.S.C. § 1915(e)(2)(B)(i)

District courts possess both the authority and obligation to dismiss duplicative *IFP* litigation *sua sponte*. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); 28 U.S.C. § 1915A. Courts within the Second Circuit have consistently recognized that duplicative litigation by *IFP* plaintiffs constitutes malicious conduct warranting dismissal under § 1915(e). *Ranasinghe v. Kennell*, 718 F. App'x 82, 83-84 (2d Cir. 2018) ("A complaint that repeats pending or previously litigated claims may be considered 'abusive' and dismissed under the authority of 28 U.S.C. § 1915(e)." (quoted in *Azubuko v. Univ. of Londong*, No. 18 Civ. 10890 (LLS), 2019 U.S. Dist. LEXIS 253717, at *2-3 (S.D.N.Y. Feb. 19, 2019)); *see also McDaniels v. Fed. Bureau of Prisons*, No. 15 Civ. 6163 (KMK), 2016 U.S. Dist. LEXIS 164442, at *9 (S.D.N.Y. Nov. 29, 2016) ("[D]uplicative allegations are considered 'frivolous' under § 1915 and similarly, grounds for a strike"); *Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 U.S. Dist. LEXIS 177869, at *11 (N.D.N.Y. Sep. 14, 2015) ("[T]he dismissal of an *in forma pauperis* complaint as duplicative may also arise within the ambit of the court's power to dismiss a complaint which is frivolous or malicious pursuant to Section 1915(e).").

District Courts in this Circuit have therefore routinely adopted the principle "that 'repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.'" *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (quoted in *Azubuko*, 2019 U.S. Dist. LEXIS 253717, at *2-3); *see also Brown v. City of N.Y.*, No. 17-CV-02281 (LDH)(ST), 2018 U.S. Dist. LEXIS 62305, at *4 (E.D.N.Y. Apr. 12, 2018) (citing *Blake v. Bentsen*, No. 95-CV-2227 (SJ), 1995 U.S. Dist. LEXIS 22072, at *2 (E.D.N.Y. July 11, 1995)); *Lewis v. Essex Cty.*, No. 8:24-CV-00100 (MAD/CFH), 2024 U.S. Dist. LEXIS 186671, at *28-29 (N.D.N.Y. June 18, 2024) (collecting cases and dismissing duplicative complaint as malicious).

The temporal proximity of the filings—one day apart—and their virtual identity suggest a deliberate attempt to multiply proceedings. Unlike cases where incarcerated litigants may inadvertently file multiple copies due to uncertainty about mail delivery, *cf. Ceara v. Clark-Dirusso*, No. 13 Civ. 3041 (LAP), 2019 U.S. Dist. LEXIS 130620, at *9 (S.D.N.Y. Aug. 5, 2019), Plaintiff here filed in two different federal districts on consecutive days. This suggests a deliberate attempt to pursue parallel proceedings rather than inadvertent duplication.

Such duplicative filings burden the judicial system and prejudice defendants who must respond to multiple lawsuits arising from identical facts. *See McDaniels*, 2016 U.S. Dist. LEXIS 164442, at *9. As the Second Circuit recognized in *Akassy v. Hardy*, § 1915(e) serves the critical judicial administration function of "screen[ing] out inarguable claims," including those that waste judicial resources through repetitious litigation. 887 F.3d 91, 97 (2d Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). Here, Plaintiff's simultaneous pursuit of identical claims in two federal courts embodies the type of abusive litigation practice that § 1915(e) was designed to prevent. The complaints are not merely similar—they describe the same incident occurring on the same date, at the same location, involving the same defendants, resulting in the same injuries, using the same language, and seeking the same relief.

### III.   THE FIRST-TO-FILE RULE SUPPORTS DISMISSAL OF THIS LATER-FILED ACTION

Independent of § 1915(e), the well-established first-to-file doctrine counsels dismissal of this action. *See First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). Under this doctrine, "the first suit to be filed has priority over the later-filed suit" to conserve judicial resources and honor plaintiff's initial choice of forum. *Id.* at 79-80.

The SDNY action was filed on May 13, 2025, one day before the instant action. Furthermore, this Office has already responded to the Court's *Valentin* order directing identification of the John Doe defendants in that action. (Exhibit B, SDNY Dkt., ECF Nos. 7, 11). Finally, the Southern District constitutes the proper venue for claims arising from incidents at Rikers Island facilities, as OBCC is located on Rikers Island in New York County. *See* 28 U.S.C. § 1391(b)(2) (venue proper in judicial district where substantial part of events giving rise to claim occurred). Permitting this duplicative action to proceed in a less appropriate venue would waste judicial resources and risk inconsistent adjudications.

For the foregoing reasons, the City respectfully requests that this Court dismiss the instant action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious. Such dismissal would conserve judicial resources, prevent inconsistent adjudications, and deter future abuse of the judicial process.

The City thanks the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin /s/*

John McLaughlin
Attorney for the City of New York
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA FIRST CLASS MAIL**
      Charles Maxwell
      #4412400965
      Robert N. Davoren Center
      11-11 Hazen Street
      East Elmhurst, NY 11370
      *Plaintiff Pro Se*