UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES MAXWELL,
                        Plaintiff,

                                                                                   **TRANSFER ORDER**
         -against-                                                      25-CV-2827 (NCM) (PK)

RIKERS ISLAND, OBCC FACILITY and JOHN
DOE and JANE DOE CORRECTION
OFFICERS # 1-4,
                        Defendants.
------------------------------------------------------------X

**Peggy Kuo, United States Magistrate Judge:**

       Plaintiff Charles Maxwell filed this *pro se* complaint, dated April 30, 2025 and received in this Court on May 14, 2025. (Dkt. 1.) The complaint names Rikers Island and unidentified correction officers as defendants and describes an incident that occurred on April 4, 2025. On August 5, 2025, the Law Department of the City of New York ("Corporation Counsel") notified the Court that Plaintiff had filed a substantially similar complaint in the United States District Court for the Southern District of New York and requested that the instant action filed in this Court be dismissed as duplicative. ("City Ltr.," Dkt. 9.) The complaint filed in the Southern District is also dated April 30, 2025, but it was received in that Court on May 13, 2025. ("SDNY Complaint," Ex. A to City Ltr., Dkt. 9-1.) The Honorable Natasha C. Merle referred the motion to me.

       "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have broad discretion to transfer cases based on notions of convenience and fairness on a case-by-case basis. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir. 2006). In determining whether to transfer a case, courts consider the following factors:

> (a) the plaintiff's choice of forum, (b) the convenience of witnesses, (c) the location of relevant documents and relative ease of access to sources of proof, (d) the convenience of the parties, (e) the locus of operative facts, (f) the availability of process to compel the attendance of unwilling witnesses, (g) the relative means of the parties, (h) the

> forum's familiarity with the governing law, and (i) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 395 (S.D.N.Y. 2014) (citation omitted). Plaintiff has already chosen to bring his case in both the Eastern District and the Southern District, so his choice of forum is irrelevant. In weighing the remaining factors, this Court considers that the close geographic proximity of the District Courts for the Eastern and Southern Districts of New York makes them meaningless. However, judicial efficiency favors transfer: Corporation Counsel represents that its office has already responded to the *Valentin* order issued by the Southern District, and Plaintiff recently filed an amended complaint in that case. *Maxwell v. City of New York, et al.*, 25-CV-4016-RA (S.D.N.Y.), Dkt. 13.

Accordingly, this case is hereby transferred to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 112(b). Decision on Corporation Counsel's letter motion to dismiss is reserved for that court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived. Summons shall not issue from this Court.

SO ORDERED.

*Peggy Kuo*
_____
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         August 12, 2025